UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

CARLA SMITH,
on behalf of herself and
all others similarly situated,                    Case No. 19-cv-1308

       Plaintiff,                         **COLLECTIVE AND CLASS**
   v.                                           **ACTION PURSUANT TO**
                                                  **29 U.S.C. §216(b) AND**
ALEXIAN VILLAGE OF MILWAUKEE, INC.                **AND FED. R. CIV. P. 23**
9301 North 76th Street
Milwaukee, Wisconsin 53717                        **JURY TRIAL DEMANDED**

      Defendant

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Carla Smith, against Defendant, Alexian Village of Milwaukee, Inc.

2.      Plaintiff brings these FLSA and WWPCL claims and causes of action against

Defendant on behalf of herself and all other similarly-situated current and former hourly-paid,

non-exempt Front-Line Care employees of Defendant for purposes of obtaining relief under the

FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys'

fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem

appropriate. Specifically, Defendant operated (and continues to operate) an unlawful

compensation system that deprives current and former hourly-paid, non-exempt Front-Line Care employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by failing to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt Front-Line Care employees' regular rates of pay for overtime calculation purposes.

3.     Plaintiff also brings these FLSA and WWPCL claims and causes of action against Defendant on behalf of herself for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, during her employment with Defendant, Defendant shaved time from Plaintiff's timesheets each workweek by impermissibly rounding recorded hours of work for its own benefit (and to the detriment of Plaintiff), depriving Plaintiff with compensation for hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

4.     Defendant's deliberate failure to compensate Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees for hours worked in such a fashion as described herein violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

8. Plaintiff, Carla Smith, is an adult male resident of the State of Wisconsin with a post office address of 9301 North 76th Street, Milwaukee, Wisconsin 53223.

9. Defendant, Alexian Village of Milwaukee, Inc., was, at all material times herein, a Wisconsin entity with a principal address of 9301 North 76th Street, Milwaukee, Wisconsin 53717.

10. Defendant is a senior living facility and, within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), owned, operated, and managed a senior living facility in the State of Wisconsin, located at 9301 North 76th Street, Milwaukee, Wisconsin 53717.

11.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work as an hourly-paid, non-exempt Front-Line Care employee at Defendant's senior living facility located at 9301 North 76th Street, Milwaukee, Wisconsin 53717.

12.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

13.     For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

14.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

15.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

16.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

17.     During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

18.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint.

19.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt Front-Line Care employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt Front-Line Care employees employed by Defendant who were subjected to Defendant's same unlawful policies as enumerated herein.

20.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt Front-Line Care employees on whose behalf Plaintiff brings this Complaint performed compensable work on Defendant's behalf, at Defendant's direction, for Defendant's benefit, and/or with Defendant's knowledge.

21.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt Front-Line Care employees' day-to-day activities.

22.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees.

23.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Front-Line Care employees.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt Front-Line Care employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees with work assignments and hours of work.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees abided in the workplace.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt Front-Line Care employees' employment-related questions, benefits-related questions, and workplace issues.

27.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees for hours worked and/or work performed, including with forms of compensation in addition to regular and/or hourly wages, such as monetary bonuses, commissions, incentives, and/or other rewards and payments.

## GENERAL ALLEGATIONS

28.     In approximately June 2014, Defendant hired Plaintiff into the position of Certified Nursing Assistant at its Milwaukee, Wisconsin senior living facility.

29.     Plaintiff is still currently employed by Defendant.

30.     During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at Defendant's Milwaukee, Wisconsin senior living facility.

31.     During Plaintiff's employment with Defendant and in the position of Lead Maintenance Technician, Plaintiff reported directly to Katrina Herbert, Supervisor, who reported directly to Carrie Hensel, Manager.

32.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees worked at Defendant's Milwaukee, Wisconsin senior living facility and/or at locations that were owned, operated, and managed by Defendant.

33.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees employed by Defendant were employed in hourly-paid, non-exempt job positions.

34.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees employed by Defendant were employed in hourly-paid, non-exempt job positions and all similarly provided direct care services to Defendant's patients, clients, and/or customers residing in its senior living facilities.

35.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees.

36.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees.

37.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees for all remuneration earned.

38.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees frequently worked in excess of forty (40) hours per workweek.

39.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees frequently worked in excess of forty (40) hours per workweek.

40.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt Front-Line Care employees' hours worked each work day and each workweek.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees on a bi-weekly basis via paycheck.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's uniform and unlawful policy, practice, custom, and/or scheme failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in Plaintiff's and all other hourly-paid, non-exempt Front-Line Care employees' regular rates of pay for overtime purposes in violation of the FLSA and WWPCL.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff regularly performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction, but Defendant, particularly Hensel, regularly or customarily shaved time from Plaintiff's timesheets each workweek by impermissibly rounding her recorded hours of work for Defendant's benefit (and to Plaintiff's detriment), depriving Plaintiff with compensation for hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

45.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours worked and work performed each workweek were an integral and indispensable part and in furtherance of the job duties and job responsibilities of her Certified Nursing Assistant position.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff was legally entitled to compensation for any and all hours worked or work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek.

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that their policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Front-Line Care employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

52.     Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> All current and former hourly-paid, non-exempt Front-Line Care employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

53.     Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

54.     Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated the FLSA Collective with, in addition to hourly or regular rate(s) of pay, other forms of compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards and payments – on a weekly, quarterly, and/or annual basis.

56.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary payments or compensation that Defendant provided to the FLSA Collective were non-discretionary in nature: they were made pursuant to a known plan

(performance or productivity) or formula and/or were announced and known to the FLSA Collective to encourage and/or reward the employees' steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance, attendance, and/or hours worked.

57.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices and compensation system failed to include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards and payments, in the FLSA Collectives' regular rates of pay for overtime calculation and compensation purposes.

58.     Defendant's deliberate failure to properly compensate the FLSA Collective in such a fashion as described in the aforementioned paragraph(s) violated federal law as set forth in the FLSA.

59.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include the aforementioned forms of non-discretionary compensation in the FLSA Collectives' regular rates of pay when determining overtime compensation due to said employees during workweeks when said employees worked more than forty (40) hours during the representative time period.

60.     Defendant's unlawful practice as it relates to non-discretionary compensation described herein failed to compensate and deprived the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

61.     Plaintiff's FLSA Cause of Action is brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, and this Cause of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

62.     Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collective.

63.     Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all forms of non-discretionary compensation in the FLSA Collective's regular rates of pay for overtime compensation and calculation purposes.

64.     The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

65.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

66.     Plaintiff brings this action on behalf of herself and all other similarly situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23. The similarly situated employees include:

> All current and former hourly-paid, non-exempt Front-Line Care employees employed by Defendant in the State of Wisconsin within the two (2) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

67.     The Wisconsin Class members are readily ascertainable. The number and identity of the Wisconsin Class members are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each Wisconsin Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

68.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over fifty (50) members of the Wisconsin Class.

69.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Class in separate actions. All the Wisconsin Class members were subject to the same corporate practices of Defendant, as alleged herein.

Defendant's corporate-wide policies and practices affected all Wisconsin Class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Wisconsin Class member. Plaintiff and other Wisconsin Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

70.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Class and has no interests antagonistic to the Wisconsin Class. Plaintiff is represented by counsel who is experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

71.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Wisconsin Class members to redress the wrongs done to them.

72.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Class would create a risk of inconsistent and/or varying adjudications with respect

to the individual members of the Wisconsin Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

73.    Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

74.    There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Class arising from Defendant's actions include, without limitation, the following: (a) Whether Defendant provided the Wisconsin Class with forms of non-discretionary compensation; (b) Whether Defendant maintained an unlawful compensation system that failed to include these forms of non-discretionary compensation in current and former hourly-paid, non-exempt Front-Line Care employees' regular rates of pay for overtime calculation purposes; and (c) The nature and extent of class-wide injury and the measure of damages for the injury.

75. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**Overtime Wages Owed**
**(Plaintiff on behalf of herself and the FLSA Collective)**

76. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

77. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

78. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

79. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

80. Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

81. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek.

82. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek.

83. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

84. Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

85. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

86. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

87. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

88. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### SECOND CLAIM FOR RELIEF
**Violations of Wisconsin's Wage Payment and Collection Laws, as Amended**
<u>Overtime Wages Owed</u>
<u>(Plaintiff, on behalf of herself and the Wisconsin Class)</u>

89. Plaintiff, on behalf of herself and the Wisconsin Class, re-allege and incorporate all previous paragraphs as if they were set forth herein.

90. At all relevant times: Plaintiff and the Wisconsin Class were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a); Defendant was an employer of Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5); and Defendant employed, and/or continue to employ, Plaintiff and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and § DWD 272.01.

91. Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

92. At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class overtime compensation.

93.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

94.     Defendant willfully failed to pay Plaintiff and the Wisconsin Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

95.     As set forth above, Plaintiff and the Wisconsin Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

96.     Plaintiff and the Wisconsin Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**THIRD CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**<u>Overtime Wages Owed</u>**
**<u>(Plaintiff, on behalf of herself)</u>**

97.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

98.     Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

99.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

100.    Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for any and all hours worked and work performed in excess of forty (40) in a workweek by shaving time from Plaintiff's timesheets each workweek by impermissibly rounding recorded hours of work for its own benefit (and to the detriment of Plaintiff).

101.    Defendant's failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked in excess forty (40) in a workweek was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

102.    Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

103.    Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## FOURTH CLAIM FOR RELIEF
## Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
## Overtime Wages Owed
## (Plaintiff, on behalf of herself)

104.    Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

105.    At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

106.    At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

107.    At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et. seq*., 103.01 *et. seq*., 104.01 *et. seq*., and Wis. Admin. Code § DWD 272.01.

108.    At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

109.    During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked hours in excess of forty (40) per workweek, but Defendant failed to compensate Plaintiff at an overtime rate of pay for those hours worked beyond forty (40) in a workweek by shaving time from Plaintiff's timesheets each workweek by impermissibly rounding recorded hours of work for its own benefit (and to the detriment of Plaintiff).

110.    Defendant willfully violated the WWPCL by failing to compensate Plaintiff at an overtime rate of pay for any hours worked beyond forty (40) in a workweek.

111.    As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

112.    Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

### FIFTH CLAIM FOR RELIEF
### Violations of Wisconsin's Wage Payment and Collection Laws, as Amended
### Failure to Pay an Agreed-Upon Wage
### (Plaintiff, on behalf of herself)

113.    Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

114.    At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

115.    At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

116.    At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et. seq.*, 103.01 *et. seq.*, 104.01 *et. seq.*, and Wis. Admin. Code § DWD 272.01.

117.    At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities at her previously agreed-upon hourly rate of pay.

118.    During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff with agreed-upon wages, as defined in Wis. Stat. § 109.01(3), by failing to compensate her with her agreed-upon hourly rate of pay for any and all hours worked and work performed each workweek during her employment with Defendant, in violation of the WWPCL.

119.    During Plaintiff's employment with Defendant, Defendant failed to compensate Plaintiff for each and every hour worked, in accordance with Wis. Stat. § 109.03 and Wis. Admin. Code § DWD 272, at her agreed-upon rate by shaving time from Plaintiff's timesheets each workweek by impermissibly rounding recorded hours of work for its own benefit (and to the detriment of Plaintiff).

120.    The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

121.    As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

122.    Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Front-Line Care employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Front-Line Care employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid overtime and agreed-upon wages for all time spent performing compensable work for which he was not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Front-Line Care employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Front-Line Care employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt Front-Line Care employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 10th day of September, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi* _____

James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com