# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CARLA SMITH, *individually and on behalf of all others similarly situated*,

                                        Plaintiff,

v.

ALEXIAN VILLAGE OF
MILWAUKEE, INC.,

                                        Defendant.

Case No. 19-CV-1308-JPS

**ORDER**

In September 2019, Plaintiff filed this complaint, alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Law ("WWPCL"). (Docket #1). Plaintiff brought the FLSA claims on behalf of a collective pursuant to 29 U.S.C. § 216(b), and the WWPCL claims on behalf of a class pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"). (*See id.*). In January 2021, counsel for the parties informed the Court that they had reached a settlement. (Docket #35).

Now before the Court is the parties' corrected stipulated motion to certify (1) a class action pursuant to Rule 23, (2) Plaintiff's counsel as class counsel, and (3) Carla Smith as the class representative. (Docket #40).[1] Being

---

[1] In March 2021, the parties submitted their first unopposed motion for preliminary approval of class action settlement and first joint stipulation to certify the class, class counsel, and class representative. (Docket #36, #37). Then, due to an enlargement of the class and the parties' need to correct information in their first set of documents, the parties submitted an unopposed motion for preliminary approval of an amended settlement in July 2021. (Docket #38). In this Order, the Court will refer to the parties' requests as stated in their most recent corrected documents submitted on October 14, 2021 and will deny as moot the parties' prior submissions. (Docket #36, #37, #38).

satisfied that the requirements of Rule 23 are met, the Court will grant the parties' corrected stipulated motion and will certify the proposed class (the "Rule 23 Class"). The Court will also grant the parties' corrected stipulated motion and will name Plaintiff's counsel, Walcheske & Luzi, LLC, as Class Counsel and Plaintiff Carla Smith as the Class Representative in this action.

The parties also submitted a corrected unopposed motion for preliminary approval of the class action amended settlement to which the parties attached their amended settlement agreement (the "Amended Settlement Agreement") dated July 14, 2021. (Docket #41, #41-1).[2] Prior to settlement, the Court must approve the parties' settlement agreement. *See* Fed. R. Civ. P. 23(e). The Court's task is to determine whether the settlement is "fair, adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002). The parties represent that they reached a settlement via arm's length negotiations and that the settlement provides an adequate sum to members of the Rule 23 Class. (Docket #41 at 10). Therefore, at this stage, the Court will preliminarily approve the parties' Amended Settlement Agreement and will incorporate their proposed items of relief in this Order to manage the settlement process and ultimately conclude this litigation, subject to the parties further amending their Notice of Class Action Settlement (the "Notice").

Per the Notice, which the parties attach as Exhibit A to the Amended Settlement Agreement, persons who do not wish to be bound by the settlement will have sixty (60) days to exclude themselves from the date

---

[2]In the parties' Amended Settlement Agreement, the parties represent that their previously filed motion for FLSA conditional certification (Docket #20) "remains pending with the Court." (Docket #41-1 at 2). However, in the parties' corrected unopposed motion for preliminary approval, they recognize that this Court denied that motion without prejudice. (Docket #41 at 3).

that Notice is mailed. (Docket #41-1 at 18). Similarly, the Notice states that persons who seek to object to the settlement have sixty (60) days from the date the Notice is mailed to do so. (*Id.* at 19). However, pursuant to the parties' Amended Settlement Agreement, persons wishing to exclude themselves from the Amended Settlement Agreement or object to the agreement have only **thirty (30) days** to do so. (*Id.* at 12–13). The parties must amend the Notice before it is mailed to correct the inconsistencies between the Notice and the terms of the Amended Settlement Agreement. Therefore, the Court's preliminary approval is granted so long as the parties correct the terms of thee Notice accordingly. In the balance of this Order, the Court will order that those persons wishing to object to the Amended Settlement Agreement or exclude themselves from settlement will have **thirty (30) days** from the mailing of the corrected Notice to do so.

Accordingly,

**IT IS ORDERED** that the parties' first unopposed motion for preliminary approval of class action settlement (Docket #36), the parties' first joint stipulated motion for class certification, certification of class counsel, and class representative (Docket #37), and the parties' unopposed motion for preliminary approval of amended settlement (Docket #38) be and the same are hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that the parties' corrected stipulated motion to certify a class action, class counsel, and class representative (Docket #40) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Rule 23 Class defined in the corrected stipulated motion is certified pursuant to Rule 23(c)(1). The Court finds that this class meets the requirements of Rule 23(a) and (b)(3). The Rule 23 Class is defined as follows:

All current and former hourly-paid, non-exempt front-line care employees employed by Defendant in such positions as Resident Assistant, Certified Nursing Assistant, Activity Assistant, and Activity Coordinator, within the three (3) years prior to the filing of the Complaint (Docket #1) who received alleged non-discretionary compensation, such as retention bonuses, on-call bonuses, and holiday bonuses, that was not incorporated into said employees' regular rates of pay for overtime compensation purposes.

**IT IS FURTHER ORDERED** that the law firm of Walcheske & Luzi, LLC is hereby appointed as Class Counsel of the Rule 23 Class;

**IT IS FURTHER ORDERED** that Plaintiff Carla Smith shall serve as Class Representative of the Rule 23 Class;

**IT IS FURTHER ORDERED** that the parties' corrected unopposed motion for preliminary approval of class action settlement (Docket #41) be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that the Court:

1.      Preliminarily approves the parties' Amended Settlement Agreement (Docket #41-1) as a fair, reasonable, and adequate resolution of a *bona fide* dispute between Defendant and all affected employees of Defendant during the relevant timeframe;

2.      Approves the Notice attached as Exhibit A to the Amended Settlement Agreement in a form that is substantially similar to that which is attached to the Amended Settlement Agreement, subject to the parties correcting the Notice before it is mailed in accordance with this Order; upon correction, the parties may distribute the Notice to all members of the Rule 23 Class;

3.      Approves the Notice, subject to correction, sent via mail, as the best notice practicable under the circumstances, including individual notice to all members of the Rule 23 Class who can be identified with reasonable effort and constitutes valid, due, and sufficient notice to the members of the Rule 23 Class in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

4.      Orders that within **twenty (20) business days** of this Order preliminarily approving the terms of the Amended Settlement Agreement, Defendant will provide Class Counsel with a spreadsheet that lists members of the Rule 23 Class's names, last known email addresses, and last known addresses to the extent Defendant has such information in its possession;

5.      Orders that within **twenty (20) business days** of Class Counsel's receipt of the spreadsheet, Class Counsel shall mail the corrected Notice. Class counsel shall notify Defendant's Counsel on the day the corrected Notice is mailed that the corrected Notice has been distributed in writing;

6.      Orders those individuals who wish to be excluded from the settlement must opt-out of the Rule 23 Class per the instructions set forth in the corrected Notice, and that those individuals shall have **thirty (30) days** after the date the corrected Notice is first mailed to opt-out;

7.      Orders that any individual who has not properly and timely requested exclusion shall be bound by any final order of the Court approving the Amended Settlement Agreement;

8.     Orders that any member of the Rule 23 Class who wishes to object in any way to the Amended Settlement Agreement must file and serve such written objections per the instructions set forth in the corrected Notice no later than **thirty (30) days** after the mailing of the corrected Notice, together with copies of all papers in support of his or her position. The Court will not consider the objections of any member of the Rule 23 Class who has not properly or timely served copies of his or her objections; and

9.     Schedules a Fairness Hearing for **Monday, January 24, 2022,** at **9:00 A.M.** to determine whether: the Amended Settlement Agreement should be approved as fair, reasonable, and adequate; to award Plaintiff's counsel's requested attorneys' fees and costs; to award the parties' agreed upon service award to Plaintiff; and to enter the proposed final order approving the Amended Settlement Agreement.

Dated at Milwaukee, Wisconsin, this 26th day of October, 2021.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge