UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CARLA SMITH
on behalf of herself and all
others similarly situated,

      Plaintiff,

v.

ALEXIAN VILLAGE OF MILWAUKEE, INC.,

      Defendant

Case No. 19-cv-1308

**UNOPPOSED MOTION FOR FINAL APPROVAL OF
CLASS ACTION AMENDED SETTLEMENT**

Plaintiff, Carla Smith, on behalf of herself and all others similarly situated, moves this Court for final settlement approval in this matter in accordance with the parties' *Amended Joint Stipulation of Settlement & Release*, ECF No. 41-1, as preliminarily approved by this Court on October 26, 2021. (ECF No. 43.) Defendant, Alexian Village of Milwaukee, Inc., does not oppose this Motion.

**PROCEDURAL POSTURE**

On March 2, 2021, Plaintiff filed the parties' *Joint Stipulation of Settlement & Release* with the Court, ECF No. 36-1. After amending and correcting their filings, Plaintiff filed the parties' *Amended Joint Stipulation of Settlement & Release* ("Agreement") with the Court on October 14, 2021. (ECF No. 41-1.) On October 26, 2021, this Court preliminarily approved the parties' Agreement. (ECF No. 43.)

On November 29, 2021, Class Counsel caused the parties' *Notice of Class Action Settlement* ("Notice") to be distributed to all class members via U.S. first class mail. (Declaration of James A. Walcheske ("Walcheske Decl."), ¶ 2.) As a result, all requests for exclusion and objections had to be postmarked no later than December 29, 2021, in order to be valid. (*Id.* at ¶ 3.) As of that date and to this date, Class Counsel has not received any requests for exclusion or objections to the Agreement. (*Id.* at ¶ 4.) Thus, in accordance with that Agreement, all class members who did not timely and properly exclude themselves will receive their settlement amounts as set forth in the Agreement and Notice. (ECF No. 41-1.)

Given the considerations above, the parties believe that the terms and conditions embodied in their Agreement are fair, reasonable, and adequate.

## **REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION**

Per the parties' Agreement, the effective date of the parties' Agreement is the (i) latest of the date of final affirmance of any appeal of the Court's Final Approval order; (ii) the date of final dismissal, with prejudice, of the last pending appeal from the Court's Final Approval order; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Court's Final Approval Order. (ECF No. 41-1, ¶¶ 1.K.) Within thirty (30) calendar days of the effective date of the Agreement, Defendant will transfer the Net Settlement Fund (the funding for payments to all participating class members) to the Settlement Administrator for purposes of distribution, as well as the last known addresses for those class members. (*Id.* at ¶ 11.) Defendant will also, within thirty (30) calendar days of dismissal, deliver checks to Class Counsel for Plaintiff's Service Award and counsel's fees and costs. (*Id.*)

Within ten (10) business days of its receipt of the addresses and Net Settlement Fund from Defendant, the Settlement Administrator will mail payment to all participating class members.

(*Id.*) Class members will have one hundred and twenty (120) days after issuance of payment to cash, deposit, or otherwise negotiate the same. (*Id.* at ¶ 12.) Any checks not so cashed, deposited, or otherwise negotiated within one hundred and twenty (120) days will be void. The amounts of any voided checks, as well as any amounts attributable to class members whose payment remains undeliverable, will be retained by Defendant. (*Id.*)

## ARGUMENT

### I. FINAL SETTLEMENT APPROVAL STANDARD

A Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately,

resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages, as demonstrated by the parties' positions in their *Joint Rule 26(f) Conference Report*, (ECF No. 11), and their filings in connection with *Plaintiff's Motion for Conditional Certification and Authorization of Notice to Similarly Situated Persons Pursuant to 29 U.S.C. § 216(b)*, (ECF Nos. 20-22, 26-29.) Between approximately January 2020 and April 2020, and despite those disputes, the parties engaged in ongoing, substantive, arms-length, and good-faith settlement discussions and negotiations, the fruits of which are embodied in the parties' Agreement. (*See Plaintiff's Interim Status Report*, ECF No. 30; *see also* ECF No. 41-1.) During this time, and after the parties exchanged monetary offers and preliminarily agreed on settlement terms and conditions, counsel for the parties worked directly to draft and finalize the settlement agreement over the following months, including amending and correcting their agreement until reaching a final product. (*See Plaintiff's Interim Status Report*, ECF No. 30; *Letter to the Court from James A. Walcheske*, ECF No. 34; *Joint Status Update*, ECF No. 35; *Unopposed Motion for Preliminary Approval of Class Action Settlement*, ECF Nos. 36, 36-1; *Unopposed Motion for Preliminary Approval of Class Action Amended Settlement*, ECF Nos. 38, 38-1.)

The parties believe their Agreement to be fair, reasonable, and adequate under all such circumstances. (ECF No. 41-1, ¶ 3.)

## **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court:

1. Approve the Agreement as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e) as applied to the class;

2. Approve the Agreement as representing a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act;

3. Grant Plaintiff's Unopposed Motion for Approval of Service Award, ECF No. 46, in the amount of $1,000.00;

4. Grant Plaintiff's Unopposed Motion for Approval of Attorneys' Fees and Costs, ECF No. 47, in the amount of $32,236.34;

5. Order that the Agreement is binding on parties and all participating class members who did not properly and timely exclude themselves from the Agreement;

6. Order that Plaintiff's released claims are DISMISSED with prejudice;

7. Order that the participating class members' released claims are DISMISSED with prejudice;

8. Order that the claims of any class members who properly and timely excluded themselves in accordance with the procedures in the Agreement are DISMISSED without prejudice; and

9. Order that this matter is DISMISSED on the merits, with prejudice, and without further costs to the Parties.

Dated this 14th day of January, 2022

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *James A. Walcheske*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
Email: jwalcheske@walcheskeluzi.com
Email: sluzi@walcheskeluzi.com